NicholsON, C. J.,
delivered the opinion of the Court.
This is a motion to dismiss the cause, which is here by writ of error.
It appears that the decree below was made in August, 1866. In June, 1868, the record of this Court shows, that an application was made in open Court for writ of error. It does not appear, by the record, that the writ was granted and bond for costs given — but it is shown to our .satisfaction, that the writ was granted and the bond given, and that they are now lost. 'This is sufficient to authorize us now to remedy the omission by taking bond. This cause for dismissal, therefore, is not well assigned.
Next it is argued, that the opposite party was entitled to. five days notice before the application was made in Court in June, 1868, for the writ of error; that the giving of the notice is a condition precedent to the making of the application. For this position section 4515 of the Code is relied on. This section provides that “a writ of error may be prosecuted from any final judgment or decree rendered in an inferior Court, during the Term of the Supreme Court, the record being filed in Court, and the opposite party, or his counsel, notified five days before the hearing.”
It is assumed, that the notice here required, is intended to be required to be given five days before the application for the writ in Court. The uniform practice on this subject has been, to construe the hearing *377 spoken of in tbe section, as the regular hearing of the cause, and not that of the application.
It is true, as argued, that in Spurgin v. Spurgin, 8 Head, 23, Judge McKinney confined his opinion to the construction of section 3183 of the Code, for the reason that the case then before him was a writ of error granted by the clerk in vacation, and section 3183 makes provision specifically for that case. In section 3183 it is provided that “the five days notice in writing shall be given to the adverse party of the intention to apply for the writ.” It might be well argued, that according to the literal reading of this section, the giving of the notice was a condition precedent to the application to the clerk for the writ; yet, Judge McKinney held,, that it was not essential that the notice should be given five days before the application for the writ, but that it was enough that the notice be given five days before the hearing in the Supreme Court. This construction of the section has been uniformly followed in practice, and it is in strict harmony with the express provisions in section 4515, which makes five days notice before the hearing of the cause sufficient.
This ground for the motion, therefore, is not well taken. The other causes of error alluded to in the argument will be properly considered on the hearing.
The motion to dismiss is disallowed, and the party now allowed to supply the lost bond.